```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

PPL ENERGYPLUS, LLC, et al.    *

          Plaintiffs           *

          vs.                  *   CIVIL ACTION NO. MJG-12-1286

DOUGLAS R. M. NAZARIAN, in his *
official capacity as Chairman
of the Maryland Public Service *
Commission, et al.
                               *
          Defendants
*    *    *    *    *    *    *    *    *
```

MEMORANDUM AND ORDER RE: MASSEY TESTIMONY

The Court has before it the Motion in Limine to Preclude Legal Opinion Testimony of William L. Massey and to Strike Particular Portions of Mr. Massey's Expert Reports [Document 108] and the materials submitted relating thereto.[1] The Court has held a hearing and had the benefit of the arguments of counsel.

A.  Introduction

Plaintiffs seek to introduce opinion testimony of William L. Massey, Esquire, a former Commissioner of the Federal Energy Regulatory Commission ("FERC") "regarding the complex regulatory context" in which the case arises. Plaintiffs state that "Mr. Massey will provide background regarding FERC's regulatory

---

[1] This decision was completed prior to receipt of the supplement filed by Defendant CPV on the evening of February 25, 2013 [Document 126] and prior to any request to file additional objections. However, based on the supplemental filing, the Court may consider a possible supplemental decision.

jurisdiction over wholesale sales of electricity and the interstate transmission of electric energy. . ." Pls.' Opp'n [Document 113] at 1.  Defendants, acknowledging that most of the proffered testimony is admissible, contend that specified portions should not be admitted because they constitute opinions on disputed issues of law.

There is no doubt that the bulk of Mr. Massey's testimony will help the trier of fact to understand the factual evidence and determine the factual issues.  See Fed. R. Evid. 702(a).  Moreover, it appears well established that, even in a criminal jury trial, a district court has discretion to admit expert testimony that "arguably states a legal conclusion" if it will assist the jury to make its factual findings.  United States v. Offill, 666 F. 3d 168, 175 (4th Cir. 2011).  Nevertheless, some portions of Mr. Massey's proffered testimony consist of his statement of what the Plaintiffs contend, which is an argument for the court, as finder of fact, to accept or reject.  There is no reason why the Court would be helped by Mr. Massey's arguments rather than the arguments of counsel.  Moreover, some portions of Massey's proffered testimony provide his opinions as to questions of law rather than fact.

As discussed at the hearing, the fact that the trial will be to the court without a jury essentially eliminates any

2

realistic concern that that Mr. Massey's opinions would prejudice the Defendants.  However, to the extent that Mr. Massey is permitted to offer opinions – on fact or law – that can just as well be offered by counsel, the trial will be needless elongated.  In effect, the Defendants will need to address the arguments on cross-examination, an exercise that will – with no discernible benefit to the Court - effectively overlap with the post-trial arguments of counsel.

    B.   <u>Motion to Preclude Evidence</u>

The Court will state herein, its decision regarding each specified portion of the report and supplemental report of Mr. Massey.  Although certain proffered testimony is excluded or limited, this action does not affect Plaintiff's ability to present the contentions that are included in these documents.  Indeed, for the most part, the exclusion of the testimony is based upon the determination that the contentions being made can be, and should be, made by counsel rather than the expert witness.

1. <u>Mr. Massey's Report</u>

- 4[2] - exclude[3] both statements

- 5 - exclude both statements

- 7 - exclude the statement

- 8 - exclude all except first sentence prior to the word "ago."

- 9 - exclude

- 10 - exclude last sentence, first sentence not excluded.

- 11 - exclude "which were FERC jurisdictional" and "the rest was state jurisdictional."

- 14 - exclude all after first sentence but can provide quote at footnote 10 without editorial comment.

- 15 - exclude words after "Act."  If there is a debate as to whether these are public utilities, Defendants may move to strike the first part of the sentence.

- 16 - exclude but witness can quote from the Order.

- 17 - exclude but witness can quote from the Order.

- 18 - exclude words after "commerce."  If there is a debate as to the first part of the sentence, Defendants may move to strike the first part of the sentence.

- Title 3 - exclude

- 20 - exclude

- 21 - exclude words after "sales."  If there is a debate as

---

[2]   Reference is to the indicated paragraph number and the statement(s) highlighted in Exhibit A of Defendants' motion.

[3]   The term "exclude" is used to indicate that testimony may not be offered to present that matter presented in the document.

4

    to the first part of the sentence, Defendants may move to strike the first part of the sentence.

- 22 - exclude
- 25 - exclude
- 26 - exclude
- 28 - exclude
- 29 - exclude
- 31 – not excluded
- Title IV - exclude
- 33 - exclude
- 34 - exclude
- Title A - exclude
- 38 – exclude but the witness can quote from FERC statement.
- 41 - exclude
- 43 - exclude
- 44 - exclude
- 45 - exclude
- 47 - exclude
- 50 - exclude
- 51 - exclude
- 52 – exclude but the witness can quote from a written policy or statement of FERC.

5

- 53 - exclude

- 54 - exclude but the witness can quote from a written policy or statement of FERC.

- 55 - exclude

- 56 - exclude

- 59 - exclude

- 61 - exclude

- 63 – exclude

- 64 – exclude

2. <u>Mr. Massey's Supplemental Report</u>

- 3 – exclude

- 5 –

    o first objection excluded

    o Second objection not excluded but Defendants can move to strike

- 6 - exclude

- 9 - exclude

- 11 - exclude but the witness can quote from a written policy or statement of FERC.

- 13 - exclude

- 15 - exclude words after "facilities."  If there is a debate as to the first part of the first sentence, Defendants may move to strike.

- 17 - exclude

- 20 - exclude

- 21 - exclude

- 22 - exclude

- 23 - exclude

C.  Motion to Strike

Mr. Massey's report and supplemental report may be referred to in the course of his testimony, most likely more on cross than direct examination.  Moreover, if some portions of the documents are offered in evidence, the documentary evidence will be subject to the rulings made herein.

Accordingly, the Court finds no reason to strike any portion of the documents from the record of the case.

D.  Conclusion

For the foregoing reasons, the Motion in Limine to Preclude Legal Opinion Testimony of William L. Massey and to Strike Particular Portions of Mr. Massey's Expert Reports [Document 108] is GRANTED IN PART as set forth herein.


SO ORDERED, this Monday, February 25, 2013


                                       /s/
                              Marvin J. Garbis
                          United States District Judge